Order Entered.

L. Edward Friend, II
United States Bankruptcy Judge
Dated: Monday, June 13, 2005 3:20:29 PM

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| RALPH RICHARD SHADE | § | BK NO. 3:04-bk-04070 |
| and | § | |
| LILLIAN ALTHEA WILLINGHAM | § | |
| SHADE, | § | |
| | § | |
| Debtor(s). | § | |

## MEMORANDUM OPINION AND ORDER

On November 18, 2004, the Debtors filed their Chapter 7 petition in bankruptcy.

On December 17, 2004, Charles T. Burkhart, II filed a motion to

1. Dismiss for Cause on the Grounds of Bad Faith;
2. Dismiss for Abstention;
3. Motion to Strike and Hold for Naught Chapter 7 Trustee's Notice of Abandonment;
4. Emergency Motion to Lift Stay to File Lis Pendens; and
5. Notice of Exercise of Option.

By agreement dated December 10, 1998, Burkhart holds an option to purchase 106 acres, more or less, from the Debtors for $3,000 per acre. The option is recorded in the office of the County Clerk of Berkeley County, West Virginia. This deed was recorded December 22, 1998 in Deed Book 610 at Page 686. The option expires December 31, 2004.

By separate deed dated the 10th day of December, 1998, the Debtors conveyed 71.7198 acres to Burkhart for a price of $200,814.44. This deed is recorded in the aforesaid clerk's office at Deed Book 610 at Page 221. This deed was recorded December 11, 1998.

By letter dated April 20, 2004, Burkhart gave notice to the Debtors that he wanted to exercise the option to purchase.

On November 18, 2004, the Debtors filed their Chapter 7 bankruptcy petition. The Chapter 7 Trustee, Robert W. Tremble, filed a notice of rejection of the option agreement on December 10, 2004.

The issue can be stated simply: Is the option to purchase given by the Debtors an executory contract? The decision as to whether it is an executory contract is more difficult.     The Court will briefly address the other issues the parties have raised.

1.  Consideration. Even though the Court believes the $5 in hand is sufficient consideration, the option agreement contains "further consideration for the granting of this option by Shade to Burkhart is the purchase, on this date, by Burkhart from Shade of a tract of land or parcel of real estate situate in Gerrardstown District, Berkeley County, West Virginia, contiguous to the property, containing 71.7198 acres. The option is not void for lack of consideration.

2.  Bad Faith. There is not statutory provision in a Chapter 7 proceeding requiring the good faith of a debtor except for § 707(b), which must be brought by the United States Trustee.[1]

3.  Bankruptcy Code § 109 defines who may be a debtor. There is no requirement that the debtor be insolvent.

4. There is no statutory basis for this Court to abstain from the filing of a bankruptcy petition.

## EXECUTORY CONTRACT

---

[1] A creditor may file a motion to dismiss for cause in Chapter 13 - § 1307, Chapter 12 - § 1208 and Chapter 11 - § 1112. There is no provision for a creditor to file a motion to dismiss in Chapter 7.

2

The Fourth Circuit in <u>Lubrizol Enterprises, Inc. V. Richmond Metal Finishers, Inc.</u>, 756 F.2d 1043 (4th Cir. 1985)[2] adopted the Countryman definition of an executory contract. Although the case did not involve a contract of sale, the Court assumes that the Fourth Circuit would still apply the Countryman definition of an executory contract.

Vern Countryman, *Executory Contracts in Bankruptcy, Part I*, 57 Minn. L. Rev. 439 (1973), offers this definition - a contract under the obligation of both the bankrupt and the other party to the contract are so far underperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other. Countryman reasons that a contract which has been performed by the debtor falls outside the concept of an executory contract because assumption adds nothing to the debtor's claim to performance by the other party, and rejection makes no sense. Where the other party has already performed, he sees similar logical difficulties; the estate already has the benefit of the contract, so that assumption is unnecessary, and rejection would neither add to nor detract from the creditor's claim.

The legislative history offers little guidance.

> Though there is no precise definition of what contracts are executory, it generally *includes* contracts on which performance remains due to some extent on both sides. A note is not usually an executory contract if the only performance that remains is payment. Performance on one side of the contract would have been completed and the contract is no longer necessary. (Emphasis added). H. R. Rep. No. 95-595, 95th Cong., 1st Sess. 347, *reprinted in* 1978 U. S. CODE CONG. & ADMIN. NEWS 5787, 6303; S. Rep. No. 95-989, 95th Cong., 2d Sess. 58, *reprinted in* 1978 U. S. CODE CONG. & ADMIN. NEWS 5844.

The issue of whether or not a contract is executory has divided the courts. First, the courts are not even in agreement as to whether the question is one of federal or state law. In <u>In re Bellamah</u>

---

[2] Congress subsequently added subsection (n) to § 365 in order to recognize the property interests of licenses of intellectual property, effectively overruling <u>Lubrizol</u>.

3

Community Development, 107 B.R. 337 (Bankr. N.M. 1989), the court held that the question was controlled by state law while in Cameron v. Pfaff Plumbing and Heating, Inc., 966 F.2d 414 (8th Cir.), the Eighth Circuit held that it was a matter of federal law. In Butter v. Resident Care Innovation Corp., 241 B.R. 37 (D. R.I. 1999), the court held that the issue was a question of federal law but the court could look to applicable state contract rules for guidance, it was not bound by them.

An interesting case in the area (there are many) is In re Robert Helms Construction & Development Co., Inc., 110 F.2d 1470 (9th Cir. 1997). In the lower bankruptcy proceeding, the bankruptcy judge ruled that the option contract was an executory contract as a matter of law relying on Gill v. Easebe Enters, 900 F.2d 1417 (9th Cir. 1990). The facts were simply stated as to whether an option contract to purchase real estate was executory in nature and thereby deemed rejected by a confirmed plan. The BAP reversed. The Ninth Circuit on appeal reversed the BAP noting that a prior Ninth Circuit decision (Gill v. Easbe Enters) had held options to be executory. The court said that although the BAP's analysis was correct, the BAP could not overrule the prior Ninth Circuit decision that held all options to be executory contracts. The Ninth Circuit reheard the case in 1998. In re Helms Construction and Development Co., Inc., 139 F.3d 702 (9th Cir. 1998). The court reversed the prior Ninth Circuit's holding that all options were executory contracts and held that whether an option is an executory contract depends on whether the option requires further performance from each party at the time the bankruptcy petition is filed.

At page 706, the court says:

> We therefore reject *Easbe's* broad rule that all options are executory contracts. Instead, we look to outstanding obligations at the time the petition for relief is filed and ask whether both sides must still perform. Performance due only if the optionee chooses at his discretion to exercise the option doesn't count unless he has chosen to exercise it. An option may on occasion be an executory contract, for instance, where

4

the optionee has announced that he is exercising the option, but not yet followed through with the purchase at the option price.

While the Court has reservations about this definition - an option is not executory if not exercised, but is executory if exercised, the definition fits into the law of the State of West Virginia. <u>Tate v Wood</u>, 169 W. Va. 584, 289 S.E. 2d 432 (W. Va. 1982). The court states at pages 2-3:

> It is not a contract to sell, nor an agreement to sell, real estate, because there is no mutuality of obligation and remedy; but it is a contract by which the owner agrees with another person that he shall have the right to buy, within a certain time, at a stipulated price. It is a continuing offer to sell, which may, or may not, within the time specified, at the election of the optionee, be accepted. The owner parts with his right to sell to another for such time, and gives to the optionee this exclusive privilege. It is the right of election to purchase, which has been brought and paid for, and which forms the basis of the contract between the parties. Upon the payment of the consideration, and the signing of the option, it becomes an executed contract – not, however, an executed contract selling the land, but the sale of the option, which is irrevocable by the optionor, and which is capable of being converted into a valid executory contract for the sale of land by the tender of the purchase money, or his performance of its conditions, whatever they may be, within the time to which such offer has been limited. <u>When such option is thus accepted, it becomes an executory contract for the sale of the land, with mutuality of obligation and remedy.</u> ... The offer must have been fully and completely accepted, in all its parts, and its provisions strictly complied with, before it became an executory contract. It is the complete acceptance of the option, by complying with all its provisions in that respect, that concludes the contract between the parties. (Emphasis added).

The bankruptcy court in <u>In re National Financial Realty Trust</u>, 226 B.R. 586 (Bankr. W.D. Ky. 1998) held that an option agreement for which the debtor had paid prepetition, under which it had no continuing obligations as of the petition date except in the event it chose to exercise its option was not an executory contract. The court indicated that it must look to the outstanding obligations at the time the bankruptcy petition was filed. That is at the time of filing, does each party have something it must do to avoid materially breaching the contract. Performance due only if the optionee chooses, at his discretion, to exercise the option doesn't count unless he has chosen to exercise it.

5

In In re Hardie, 100 B.R. 284 (Bankr. E.D. N.C. 1989), the Chapter 12 vendors moved for the rejection of a contract consisting of an option to purchase property for a specific price. The court found that the debtors wanted to reject the option to purchase because they believed they could get a higher price than set forth in the option contract. The court allowed the debtors to reject the option finding that the contract was executory.

The bankruptcy court in In re Carter) 2004 WL 212991 (Bankr. M.D. N.C.) Considered an option where the prospective purchaser had paid $2,500 for an option to purchase real property. This was a Chapter 13 case and Bankruptcy Code § 1322(b)(7) provides that the debtor's plan may provide for rejection of any executory contract pursuant to § 365. The court allowed the debtors to reject the option and allowed the claim of the prospective purchasers a claim under § 502(g).

Bankruptcy Code § 502(g) provides:

   A claim arising from the rejection under § 365 of this title or under a plan under chapter 9, 11, 12 or 13 of this title, of an executory contract or unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b) or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

Bankruptcy Code § 365(I)(2) is not applicable to the facts of this case. The purchaser is not in possession of the property subject to the option.

When Burkhart gave notice of his intent to exercise the option on April 20, 2004, the option became an executory contract. The Chapter 7 trustee, pursuant to Bankruptcy Code § 704 has a duty to collect and reduce to money the property of the estate.

The trustee has filed a motion to reject the option. The Court has concluded in this opinion that the option is executory and falls within § 365. However, the Court must determine whether or not to

6

approve the trustee's motion to reject the option.[3]

Accordingly, the Court finds the option contract between Burkhart and the Debtors to be executory and it is **SO ORDERED**.

A telephonic hearing to determine whether the Court should grant the trustee's motion to reject the option is scheduled for <u>July 7, 2005, at 11:15 a.m.</u> The Court shall initiate the conference call.

The Clerk is directed to transmit copies of this order to the parties in interest.

---

[3]In a Chapter 7 case, the trustee must decide whether to assume or reject an executory contract within 60 days, otherwise it is deemed rejected.

The Clerk is directed to transmit copies of this Order to the parties in interest.